IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**REGINALD KENNEBREW,**

                Petitioner,

vs.                                      Case No. 3:15-cv-00725-DRH

**KIMBERLY BUTLER,**

                Respondent,

<u>**MEMORANDUM AND ORDER**</u>

**HERNDON, District Judge:**

      Reginald Kennebrew is currently incarcerated at the Menard Correctional Center in Menard, Illinois. (Doc. 1 at 1.) Proceeding *pro se*, Kennebrew has filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction in Winnebago County, Illinois for aggravated criminal sexual abuse. (*See id.* at 1-3.) During jury deliberations at Kennebrew's trial, the Illinois state court judge permitted the jurors to review a videotaped interview of a witness in the jury room, rather than in open court. (*Id.* at 8.) Kennebrew says this was wrong under Illinois law, and that his trial counsel, appellate counsel, and post-conviction appellate counsel were ineffective for not attacking this ruling in Kennebrew's various state proceedings. (*Id.* at 8-9.)

      This matter is now before the Court for a preliminary review of Kennebrew's petition. Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides that, upon review of the petition by the district court judge, "[i]f it plainly appears from the petition and any attached

exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

## Background

In 2009, Petitioner Kennebrew was convicted of two counts of predatory criminal sexual assault and one count of aggravated sexual abuse in the Circuit Court of Winnebago County, and was sentenced to thirty-five years in prison. (Doc. 1.) Kennebrew appealed, claiming that his conviction for predatory criminal sexual assault should be reversed because the State failed to prove his guilt beyond a reasonable doubt and that 725 ILCS 5/115-10 was unconstitutional because it violated the confrontation clause. *See People v. Kennebrew*, 13 N.E.3d 808, 813 (Ill. App. Ct. 2014) (recounting this case's history). The Appellate Court of Illinois, Second District, reversed the conviction as to the predatory criminal sexual assault charge, but upheld the constitutionality of the Illinois statute. *Id.* The State filed a petition for leave to appeal to the Supreme Court of Illinois; the petition was denied, but the Supreme Court of Illinois exercised its supervisory authority and directed the appellate court to consider whether the evidence advanced was sufficient to prove aggravated criminal sexual abuse. *Id.* The state appellate court found that the evidence was sufficient to support a conviction of the lesser included offense, and the case was remanded for sentencing on that offense alone. *Id.*

On June 26, 2012, Kennebrew filed a post-conviction petition in the Illinois courts. *Id.* According to Kennebrew, his state petition at least contained the

following claims: the trial court abused its discretion in allowing videotaped statements to be viewed during deliberations; the trial court abused its discretion by admitting videotaped statements into evidence; and trial counsel was ineffective for failing to cross examine the primary witness against Kennebrew. (Doc. 1 at 4.) On September 19, 2012, the trial court dismissed the petition as patently without merit, and Kennebrew appealed. *Kennebrew*, 13 N.E.3d at 813. On June 30, 2014, the Appellate Court of Illinois affirmed the decision of the trial court. *Id.* It does not appear that Kennebrew sought review of this decision with the Supreme Court of Illinois. (Doc. 1 at 5.)

On July 6, 2015, Kennebrew filed a § 2254 petition in this Court.

## Discussion

Kennebrew appears to advance three grounds for relief in his federal habeas petition: first, that Kennebrew's trial counsel was ineffective for not objecting to the trial court's decision to allow the jury to review a videotaped interview in the jury room during deliberations (**Count 1**); second, that direct review appellate counsel was ineffective for not raising that error in Kennebrew's direct appeal (**Count 2**); and third, that Kennebrew's post-conviction appellate counsel was ineffective for not raising that error during Kennebrew's post-conviction proceedings (**Count 3**). (Doc. 1 at 8-9.)

While there may be several procedural barriers to Kennebrew's claims of ineffective assistance of trial and direct appellate counsel, those claims cannot be dismissed at this time due to facts left unclear in Kennebrew's petition. For one,

while Kennebrew seems to concede that he has not raised these claims in the Illinois state courts and that he may be subject to a procedural default due to that omission, Kennebrew also seems to argue that cause and prejudice or a miscarriage of justice exist here, thereby excusing his default. *See Ambrose v. Roeckeman*, 749 F.3d 615, 618 (7th Cir. 2014). Whether cause and prejudice exists or whether there was a miscarriage of justice are not matters typically well suited for resolution at the screening stage. There may be other problems with these claims, too, such as timeliness and exhaustion, but again, the facts needed to resolve those points are not laid out in the petition with absolute certainty, militating against dismissal of these grounds at this point. Accordingly, **Count 1** and **Count 2** may proceed through screening.

While the above grounds for relief may proceed through screening, any discrete ground for relief concerning Kennebrew's post-conviction appellate counsel (**Count 3**) must be summarily dismissed, as that ground for relief is not cognizable in federal habeas actions. *See* 28 U.S.C. § 2254(i) ("The ineffectiveness or incompetence of counsel during Federal or State post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254."); *Powell v. Davis*, 415 F.3d 722, 727 (7th Cir. 2005) ("[W]hatever [a state's rules] may be with respect to state-provided counsel at the post-conviction stage, as a matter of federal law a person has no such right."). This dismissal will not preclude Kennebrew from discussing the conduct of his state post-conviction appellate counsel as it relates to his surviving claims, and the Court takes no

position as to the relevance of state post-conviction appellate counsel's conduct at this early point in the case.

One closing note is in order concerning a motion Kennebrew filed after he submitted his petition to this Court. On July 24, 2015, Kennebrew submitted a motion to "Supplement the Petition." (Doc. 5.) The motion is a bit disjointed and unclear, but it appears to only ask leave to include additional argument in support of the claims put forth in his original petition, and does not attempt to amend his petition to add new grounds for relief. Subject to this understanding of Kennebrew's motion, the Court will grant the motion and the petition to supplement will be treated as additional argument in support of Kennebrew's petition. If Kennebrew wishes to amend his petition to add additional grounds for relief, he should file a motion to amend with the Court.

## Disposition

**IT IS HEREBY ORDERED** that Count 1 and Count 2 of Kennebrew's petition for writ of habeas corpus shall proceed past preliminary screening.

**IT IS FURTHER ORDERED** that Count 3 is summarily **DISMISSED** from the petition for a writ of habeas corpus.

**IT IS FURTHER ORDERED** that Kennebrew's motion to supplement his petition (Doc. 5), to the extent it seeks leave to add additional argument in support of Kennebrew's existing grounds for relief, is hereby **GRANTED**.

**IT IS FURTHER ORDERED** that Respondent shall answer Count 1 and Count 2 of Kennebrew's habeas petition within thirty days of the date this order is

entered.[1] This Order to respond does not preclude the State from making whatever waiver, exhaustion, default, or timeliness arguments it may wish to present to the Court. Service upon the Illinois Attorney General, Criminal Appeals Bureau, 100 West Randolph, 12th Floor, Chicago, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that, pursuant to Local Rule 72.1(a)(2), this cause is **REFERRED** to Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all parties consent to such a referral*.

Petitioner is **ADVISED** of his continuing obligations to keep the Clerk (and Respondent) informed of any change in his whereabouts during this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

DATED: July 29, 2015

Digitally signed by David R. Herndon
Date: 2015.07.29 16:39:28 -05'00'

**United States District Judge**

---

[1] The response date ordered herein is controlling. Any date that CM/ECF should generate in the course of this litigation is a guideline only.