IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

REGINALD KENNEBREW

    Petitioner,

vs.               Civil No. 15-cv-00725-DRH-CJP

JACQUELINE LASHBROOK

    Respondent.

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

  Reginald Kennebrew (Petitioner), proceeding *pro se*, filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 (hereinafter § 2254). He challenges his conviction in Winnebago County, Illinois for aggravated criminal sexual abuse. He contends the trial judge violated Illinois law when he permitted the jurors to view a witness's videotaped interview in the jury room, rather than in open court, and that his trial counsel was ineffective for not contesting the judge's ruling. Petitioner also contends his appellate and post-conviction counsel were ineffective. (Doc. 1). For the following reasons, Petitioner's writ of habeas corpus under § 2254 is denied.

## Background

  In August 2008, the State of Illinois (the State) filed a three-count indictment against Petitioner, charging him with three felony counts: (1) predatory criminal sexual assault of a child for penis-to-anus contact; (2) predatory criminal

sexual assault of a child for hand-to-vagina contact; and (3) aggravated sexual abuse for touching the victim's buttocks with his hand for purposes of sexual gratification or arousal. *People v. Kennebrew*, 2014 IL App (2d) 121169, ¶ 3.

At Petitioner's trial, the State played a videotaped interview between the victim and a children's center. *Id.* at ¶ 8. During deliberations, the jury sent a note to the court requesting to view the video. *Id.* at ¶ 13. Petitioner objected, arguing that granting the jury's request would essentially place the victim and the interviewer in the jury room. *Id.* The court overruled the objection, likening the video to a transcript. *Id.*

The jury convicted Petitioner of all three counts, and the court sentenced him to consecutive terms of 15, 15, and 5 years. *Id.* at ¶ 14. Petitioner filed a direct appeal, arguing (1) the State failed to prove his guilt beyond a reasonable doubt of predatory criminal sexual assault and (2) section 115-10 of Illinois' Code of Criminal Procedure of 1963 is unconstitutional because it violates the confrontation clause.[1] *Id.*

The Illinois Appellate Court reversed Petitioner's conviction of predatory criminal sexual assault because it found insufficient evidence of penile penetration, a necessary element of the crime. *Id.* The State filed a petition for leave to appeal (PLA) to the Illinois Supreme Court. *Id.* The supreme court denied review but remanded the case to the appellate court to consider whether there was sufficient evidence of aggravated criminal sexual abuse. *Id.* On remand, the appellate court found sufficient evidence of aggravated criminal

---

[1] Section 115-10 creates a hearsay exception for statements made by alleged child-abuse victims.

sexual abuse and determined it is a lesser-included offense of predatory criminal sexual assault. *Id.* The appellate court remanded the case to the trial court for resentencing. *Id.*

In June 2012, while awaiting sentencing, Petitioner filed a post-conviction petition under Illinois' Post-Conviction Hearing Act (725 ILCS 5/122-1 *et seq.* (West 2012)). He argued, in part, that (1) the trial court abused its discretion in permitting the jury to view the videotaped interview; (2) his trial counsel was ineffective for failing to cross-examine a witness; and (3) "his appellate counsel was ineffective on his direct appeal for not arguing that the trial court should not have admitted the [videotaped interview] because it violated the confrontation clause." *Id.* at 18-20; (Doc. 1, p. 4). The trial court dismissed the petition as frivolous and patently meritless. *Id.* at ¶ 15. The appellate court affirmed the trial court's dismissal, ¶ 33, and Petitioner did not file a PLA to the Illinois Supreme Court.

On July 6, 2015, Petitioner filed the instant § 2254 petition in this Court, advancing three grounds for habeas relief: (1) his trial counsel was ineffective for not objecting to the court allowing the jury to review the videotaped interview during deliberations in the jury room; (2) his appellate counsel was ineffective for not arguing the same on appeal; and (3) his post-conviction appellate counsel was ineffective for also not raising the issue during post-conviction proceedings. (Doc. 1, pp. 8-10).

This Court conducted a preliminary review of Petitioner's § 2254 petition and summarily dismissed his third argument, citing 28 U.S.C. § 2254(i): "The ineffectiveness or incompetence of counsel during Federal or State post-conviction proceedings shall not be a ground for relief in a proceeding arising under Section 2254." Although Petitioner's remaining claims appeared to be procedurally defaulted, the Court permitted them to proceed to determine whether cause and prejudice, or a miscarriage of justice excuse the default. (Doc. 7, p. 4).

## Analysis

28 U.S.C. § 2254 permits persons in custody pursuant to a state court judgment to bring a petition for a writ of habeas corpus "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before a federal court can entertain a petition brought under § 2254, principles of comity mandate a petitioner give the State an opportunity to address his constitutional claims by "invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Under Illinois' two-tiered appeals process, a petitioner must present his claims to an intermediate appellate court and to the Illinois Supreme Court, or in post-conviction proceedings. *Id.* at 843-46. Otherwise, his claims are procedurally defaulted and he cannot later raise them in a § 2254 petition. *Weddington v. Zatecky*, 721 F.3d 456, 465 (7th Cir. 2013).

Petitioner, here, concedes he failed to present his claims for one complete round of state review. Petitioner did not raise his ineffective assistance of trial counsel argument on direct review or in his Illinois post-conviction petition.[2] Although he raised an ineffective assistance of appellate counsel argument in his post-conviction proceedings, he did not present the claim to the Illinois Supreme Court by filing a PLA. These claims are therefore procedurally defaulted. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999); *Richardson v. Lemke*, 745 F.3d 258, 272 (7th Cir. 2014).

"Procedural default may be excused, however, if the petitioner can show both cause for and prejudice from the default, or can demonstrate that the district court's failure to consider the claim would result in a fundamental miscarriage of justice." *Bolton v. Akpore*, 730 F.3d 685, 696 (7th Cir. 2013). Petitioner, here, argues that ineffective assistance of his trial, appellate, and post-conviction counsel serve as cause to excuse the default.

### 1. *Cause and Prejudice*

Cause for default is generally established when a petitioner can demonstrate an "external impediment" prevented him from pursuing his claim. *Promotor v. Pollard*, 628 F.3d 878, 887 (7th Cir. 2010). Meritorious ineffective assistance of counsel claims may serve as cause to excuse procedural default, "[b]ut those claims must themselves be preserved." *Richardson*, 745 F.3d at 272.

---

[2] In his Illinois post-conviction petition, Petitioner asserted ineffective assistance of counsel on the ground that his trial counsel did not cross-examine a witness. He did not assert the ineffective assistance argument here (that his trial counsel should have objected to the jury viewing the videotaped interview in the jury room).

As set forth above, Petitioner failed to preserve his claims for ineffective assistance of trial and appellate counsel. Under the Illinois court system, to avoid default, Petitioner was required to present his arguments throughout direct review or in his post-conviction proceedings; Petitioner did neither. Thus, the claims cannot serve as cause to excuse the default.

Petitioner also asserts his post-conviction counsel's ineffective performance shows cause for the default. Although ineffective assistance of post-conviction counsel is not a basis for relief under § 2254, it may serve as cause to excuse default in narrow circumstances. *See Davila v. Davis*, 137 S. Ct. 2058, 2062 (2017).

In *Coleman v. Thompson*, 501 U.S. 722 (1991), the Supreme Court held that ineffective assistance of post-conviction counsel does not qualify as cause to excuse procedural default because the Constitution does not guarantee the right to counsel in state post-conviction proceedings. Later, in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), the Supreme Court "announced a narrow exception to *Coleman's* general rule." *Davila*, 137 S. Ct. at 2062. This exception treats ineffective assistance of state post-conviction counsel as cause to overcome procedural default of ineffective assistance of trial counsel claims only "where the State effectively requires a defendant to bring that claim in state postconviction proceedings rather than on direct appeal." *Id.* at 2062-63. The exception only applies to claims of ineffective assistance of trial counsel and *not* appellate counsel. *Id.* at 2063.

Petitioner cannot avail himself of the exception articulated in *Martinez* because he filed his initial post-conviction petition *pro se*. Petitioner was only represented at the appellate stage of his post-conviction proceedings, *see People v. Kennebrew*, 2014 IL App (2d) 121169, ¶ 2, and the *Martinez* exception applies solely to *initial*-review collateral proceedings; it does not extend to "attorney errors in other kinds of proceedings, including *appeals* from initial-review collateral proceedings . . . ." *Martinez*, 566 U.S. 1, 16 (emphasis added).

It is also doubtful that the *Martinez* exception applies to Illinois because Illinois allows petitioners to raise ineffective assistance claims on direct appeal. See *O'Quinn v. Atchison*, 2014 WL 1365455, at *5 (S.D. Ill. Apr. 7, 2014).

Thus, *Martinez* does not apply to Petitioner's claims and Petitioner otherwise fails to demonstrate cause for excusing the procedural default. For the Court to reach the merits of his claims, he must therefore establish the miscarriage of justice exception set forth in *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013) applies here.

### 2. *Miscarriage of Justice*

In *McQuiggin,* the Supreme Court held that "a credible showing of actual innocence" may overcome procedural default because the Court's refusal to consider the petition would result in a "fundamental miscarriage of justice." *McQuiggin*, 133 S. Ct. at 1931. A showing of actual innocence is "demanding" and "seldom met." *Id.* at 1928.

A credible claim of actual innocence "requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). The *Schlup* standard permits habeas review of defaulted claims only in the "extraordinary case" where the petitioner has demonstrated that "more likely than not, in light of the new evidence, no reasonable juror would find him guilty beyond a reasonable doubt—or, to remove the double negative, that more likely than not any reasonable juror would have reasonable doubt." *House v. Bell*, 547 U.S. 518, 538 (2006).

Here, petitioner does not present any new evidence or otherwise make an argument under *McQuiggin*. As such, he cannot meet *McQuiggin's* fundamental miscarriage of justice standard.

### 3. *Certificate of Appealability*

Pursuant to Rule 11 of the Rules Governing § 2254 Cases in the United States District Courts, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The Court should issue a certificate only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Where the Court dismisses a petition on procedural grounds without reaching the underlying constitutional issue, the petitioner must show that reasonable jurists would "find it debatable whether the petition states a valid

claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 120 S. Ct. 1595, 1604 (2000). The petitioner must establish both components for a COA to issue.

Here, it is clear that Petitioner's petition is procedurally defaulted and he has not advanced a credible claim of actual innocence within the meaning of *McQuiggin* and *Schlup*. No reasonable jurist would find the issue debatable. Accordingly, the Court denies a certificate of appealability.

## Conclusion

Reginald Kenenbrew's Petition for habeas relief under 28 U.S.C. § 2254 (Doc. 1) is **DENIED**. The cause of action is **DISMISSED WITH PREJUDICE**. The Clerk of Court shall enter judgment in favor of Respondent.

**IT IS SO ORDERED.**

Judge Herndon
2017.12.13 11:48:54
-06'00'

United States District Judge